UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOPHIA L. MARTINEZ, an individual, on
behalf of herself and all others similarly
situated,

       Plaintiff,

vs.                                             Case No.  3:07-cv-1157-J-33MCR

FMS, INC. , an Oklahoma corporation,

       Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike (Doc. 7) filed January 16, 2008. Plaintiff filed a response in opposition to this Motion (Doc. 15) on February 8, 2008. Accordingly, the matter is now ripe for judicial review.

On December 6, 2007, Plaintiff filed a proposed class action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1). Plaintiff seeks an award of statutory damages as well as declaratory judgment that the practices of Defendant violated the FDCPA. Defendant seeks to strike the request for declaratory relief contained in Plaintiff's Complaint arguing that declaratory relief is not available under the FDCPA. Plaintiff responds that she is invoking the Court's jurisdiction to enter declaratory relief pursuant to 28 U.S.C. §2201.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." At this point in the litigation, the Court is reluctant to strike Plaintiff's claim for declaratory relief. The Court notes the Eleventh Circuit's statement

in dicta that "equitable relief is not available to an individual under the civil liability section of the Act."  <u>Sibley v. Fulton DeKalb Collection Serv.</u>, 677 F.2d 830, 834 (11th Cir. 1982).  However, in <u>Gervais v. Riddle & Associates, P.C.</u>, 2004 WL 725332 (D. Conn. 2004), the defendant filed a counterclaim seeking declaratory judgment that it did not violate the FDCPA.  The court refused to grant a plaintiff's motion to strike the defendant's request for declaratory judgment noting:

> [t]here is no motion for declaratory judgment before the Court and the Court declines Plaintiff's invitation to speculate on the ultimate merits of Defendant's counterclaims.  At this early stage of the case, it would be premature to strike the counterclaims seeking declaratory judgment.

<u>Id.</u> at *2 (internal citations omitted).  Likewise, at this early stage in the litigation, the Court will decline to strike Plaintiff's claim for declaratory judgment.  The Court is certainly not making any determinations or conclusions regarding the ultimate merit of Plaintiff's claims and Defendant is free to attack Plaintiff's claim for declaratory judgment in a motion to dismiss or motion for summary judgment.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Strike (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  12th  day of February, 2008.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record